IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 02-6 |
| | ) |
| GREG MANGANAS, | ) |

**MEMORANDUM ORDER**

The Court has received a Motion for Reduction or Modification of Sentence filed by defendant Greg Manganas, *pro se*. Manganas pled guilty to conspiracy to distribute and possession with intent to distribute a quantity of methylenedioxymethylamphetamine and marijuana. He was sentenced on January 28, 2003, to a term of 70 months imprisonment and 3 years of supervised release.

Relying on *United States v. Booker*, 125 S.Ct. 738 (2005), Manganas now seeks to have that sentence reduced or modified under 18 U.S.C. § 3582 (c) (2), which permits the Court to alter a sentence under certain limited circumstances. Section 3582 (c) (2) provides:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (c) (2).

We cannot grant the relief Manganas' requests. As the government correctly points out, § 3582 (c) (2) permits a discretionary reduction in sentence only where an amendment to the Guidelines reduces the sentencing range for particular conduct, and where the Commission has made such amendment retroactive. *United States v. McBride*, 283 F.3d 612, 614-15 (3d Cir.

2002). The *Booker* decision made the Guidelines advisory. It did not reduce the sentencing range for Manganas' conduct. Moreover, the Court of Appeals for the Third Circuit has expressly held that *Booker* is not retroactive, and therefore does not apply to a defendant, such as Manganas, who was sentenced before the decision was handed down. *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005). Although Manganas is to be commended for his accomplishments during his incarceration, we have no jurisdiction to modify his sentence at this time.

Accordingly, Manganas' Motion for Reduction or Modification of Sentence be and hereby is DENIED.

_February 15, 2006_
Date

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   Counsel of Record

Greg Manganas
# 07342-068
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000